NOT DESIGNATED FOR PUBLICATION

No. 120,494

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIANNA MARIE BARAY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Seward District Court; BRADLEY E. AMBROSIER, judge. Opinion filed October 25, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Brianna Baray received probation after she admitted to being involved in a burglary scheme. Just six weeks later, Baray admitted that she had committed a new crime while on probation. The district court revoked her probation and ordered her to serve her underlying 12-month prison sentence.

Baray appeals, arguing that the district court should have imposed less severe sanctions before revoking her probation. But it's within the court's discretion to revoke probation when the defendant commits another crime, and we generally can reverse that decision only if no reasonable person would agree with it. Baray committed another felony offense just weeks after receiving probation, so a reasonable person could agree

with the district court that Baray was not taking probation seriously and was not a good candidate to continue it. We therefore affirm the district court's judgment.

In February 2018, Baray was charged with four crimes for her involvement in the theft of various power tools from a home. She ended up pleading no contest to one count of conspiracy to commit burglary. At sentencing in June, the district court followed the parties' joint recommendation and placed Baray on probation for 12 months with an underlying 12-month prison sentence she would have to serve if she didn't successfully complete probation.

Six weeks later, an officer came to Baray's home because of a warrant for her arrest. A man who answered the door said Baray wasn't there but that the officer could enter to confirm that she wasn't there. The officer found methamphetamine, marijuana, drug paraphernalia, and eventually Baray. Baray pleaded guilty to attempted possession of methamphetamine, and the court followed the parties' recommendation and gave Baray a six-month prison sentence, which was shorter than called for under our state's sentencing guidelines.

At that same hearing, the State moved to revoke Baray's probation in the burglary case and impose the underlying 12-month sentence. The prosecutor argued that Baray's new crime showed that she wasn't willing to comply with probation and noted that she had received a durational-departure sentence in the drug case. Baray asked the court not to revoke probation because she was only 19 years old and hadn't understood the gravity of the burglary and drug charges. Alternatively, if the court revoked her probation, she asked the court to shorten the prison sentence in the burglary case.

The district court revoked Baray's probation and imposed the full 12-month prison sentence. It noted that the new arrest happened just six weeks after Baray went on probation and that, as even Baray had conceded, she hadn't taken her criminal cases

2

seriously enough. The district court concluded that the best way to address that was to impose the prison sentence, not continue probation or reduce the prison term.

Baray appeals, arguing that the court should have imposed less severe sanctions before revoking probation. The State did not respond to Baray's appeal.

The legal rules applicable to this appeal are straightforward. Although a district court must generally impose less severe sanctions before revoking probation, it may bypass those sanctions when the defendant commits a new crime while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A). The decision to do so is discretionary. See *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). And the district court abuses that discretion only when no reasonable person could agree with its decision or if it makes a legal or factual error. *State v. Duran*, 56 Kan. App. 2d 1268, 1272, 445 P.3d 761 (2019).

We find nothing unreasonable about the district court's decision. Baray was arrested for committing a new felony just six weeks after she started probation in her burglary case. It's reasonable to conclude, as the court did, that Baray was not taking her criminal behavior seriously. And it's also reasonable to conclude that imposing the underlying prison sentence could reasonably address that problem. Thus, revoking probation was well within the court's discretion.

On Baray's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Baray's probation.

We affirm the district court's judgment.